APPROVAL OF CONTRACTS Once the Department and consultant reach an agreement on the scope and fee of the particular project, then this is sent to the Board of Public Affairs for said Board to approve the contract with the consultant. The approval of this contract is not a discretionary matter on the part of the Board of Public Affairs j but instead is a ministerial function. The only ground for refusing to approve the contract would be the failure of the Department to follow the required procedure. In the event the Department and the consultant cannot reach an agreement, then the negotiations should be terminated, and upon a request to the Board of Public Affairs for authorization to begin negotiations with the second choice, the Board of Public Affairs is to authorize the Department to begin negotiations unless the Department has failed to follow required procedures. There is nothing in Section 62G that gives the Governor the express authority to approve or disapprove the selection of the consultant or to approve or disapprove the agreement entered into with the consultant. This section limits the Governor's authority to that of reviewing the entire process. This is to acknowledge receipt of your letter wherein you ask, in effect, the following questions: 1. Must the State Board of Public Affairs approve contracts entered into between the Board of Regents and consultants? 2. Must the Board of Regents secure permission of the State Board of Public Affairs to negotiate the services of consultants if the Board of Regents is unable to reach an agreement with its first choice? 3. Must contracts entered into between the Board of Regents and consultants be approved by the Governor? You make reference in your letter to House Bill 1503, which has now been codified as 61 O.S. 61 [61-61] through 64. Section 61 O.S. 62G [61-62G] states as follows: "G. A full report of the evaluation procedures and recommendations of the department shall be prepared by the director and submitted to the Office of the Governor for his independent review of the entire process." Section 61 O.S. 62 [61-62](H) states as follows: "H. The department shall negotiate the contract with the selected consultant. The negotiated scope and fee shall be reported to the Board for the approval of the award of the consultant service contract. If the department and the first choice consultant cannot reach an agreement, their negotiations should be terminated, and a request sent to the Board of Public Affairs for authority to begin negotiations." In answer to your first question, what section 61 O.S. 62 [61-62](H) means is that once the Department (Board of Regents in this case) and a consultant reach an agreement on the scope and fee of a project, then this is sent to the State Board of Public Affairs for that Board to approve the contract with the consultant. The approval of this contract is not a discretionary matter on the part of the Board of Public Affairs but instead, is a ministerial function. The only grounds the Board of Public Affairs would have for refusing to approve the contract with the consultant would be the failure of the Department to follow the required procedure in selecting the consultant. With reference to your second question, in the event the Department and consultant cannot reach an agreement, then the negotiations are terminated, and upon a request to the Board of Public Affairs for authorization to begin negotiations with the second choice, the authority of the Board of Public Affairs again is a ministerial function rather than a discretionary matter. Thus, the only grounds that the Board of Public Affairs would have for refusing to authorize additional negotiations with the second choice would be the failure of the Department to follow the required procedure in this regard. With reference to your third question, there is nothing in Section 61 O.S. 62 [61-62](G) that gives the Governor the express authority to approve or disapprove the selection of the consultant, or to veto the selection of an agreement with the consultant. All this section provides is that the Governor may review the entire procedure. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Once the Department and consultant reach an- agreement on the scope and fee of the particular project, then this is sent to the Board of Public Affairs for said Board to approve the contract with the consultant. The approval of this contract is not a discretionary matter on the part of the Board of Public Affairs, but instead is a ministerial function. The only ground for refusing to approve the contract would be the failure of the Department to follow the required procedure. It is further the opinion of the Attorney General that your second question be answered as follows: In the event the Department and the consultant cannot reach an agreement, then the negotiations should be terminated, and upon a request to the Board of Public Affairs for authorization to begin negotiations with the second choice, the Board of Public Affairs is to authorize the Department to begin negotiations unless the Department has failed to follow required procedures. It is further the opinion of the Attorney General that your third question should be answered as follows: There is nothing in Section 62G that gives the Governor the express authority to approve or disapprove the selection of the consultant or to approve or disapprove the agreement entered into with the consultant. This section limits the Governor's authority to that of reviewing the entire process. (Todd Markum)